UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
BERNARD J. GESENHUES, individually and on
behalf of others similarly situated,

        Plaintiff,

- against -

ALFRED A. CHECCHI, BERNARD L. HAN,
DOUGLAS M. STEENLAND, GRAY L. WILSON

        Defendants.

------------------------------------x

05 Civ. 10653 (RJH)

**MEMORANDUM
OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/06

Presently before the Court is a securities fraud action brought against certain officers and directors of Northwest Airlines Corp. ("Northwest") (collectively, the "defendants") on behalf of a purported class of investors who claim to have sustained losses arising out of defendants' alleged misrepresentations in public statements circulated between April 21, 2005 and September 14, 2005, inclusive (the "Class Period").

The action was filed on December 20, 2005, and is captioned *Gesenhues v. Checchi, et al.*, No. 05-cv-10653 (RJH). Notice was published that same day in the *Business Wire*, a national, business-oriented newswire service, as required by 15 U.S.C. §§ 78u-4(a)(3)(A)(i). The putative class members bring claims under Section 10(b) of the Exchange Act and Rule 10-b promulgated thereunder, under Section 20(a) of the Exchange Act against all defendants upon a theory of control person liability, and under

1

Section 20A of the Exchange Act against defendants Wilson and Checchi as alleged insider traders.

Only the class members collectively known as the "Tu Group"[1] have moved to be appointed as lead plaintiff, and to designate their counsel as Lead Counsel pursuant to the procedures set forth by the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4(a)(3)(B) ("PSLRA"). For the reasons set forth below, the Court hereby appoints the Tu Group as Lead Plaintiff, and designates the firm of Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") as Lead Counsel.

## BACKGROUND

The complaint was filed by Bernard J. Gesenhues on December 20, 2005. As noted, on that same day, Gesenhues's counsel, Milberg Weiss, caused a notice to be published in Business Wire advising purchasers of Northwest stock that (1) a class action against defendants had commenced in the Southern District of New York; (2) the class included all plaintiffs who had purchased Northwest stock between April 21, 2005 and September 14, 2005, inclusive; (3) the complaint asserted claims charging defendants with, *inter alia*, the making of materially false and misleading statements throughout the class period with respect to the prospect of Northwest's filing for Chapter 11 protection, and charging certain defendants with participation in insider trading.

On February 21, 2006, the Tu Group filed a motion to appoint itself as Lead Plaintiff and to appoint Milberg Weiss as Lead Counsel. That motion is presently before the Court.

---

[1] The Tu Group is comprised of class members Raymond Tu ("Tu") and Susan Chang ("Chang"), Christian B. Wheeler ("Wheeler"), Louis V. Imundo ("Imundo"), Daniel Romanet ("Romanet") and Philip Jonathan Musgrave ("Musgrave").

2

## DISCUSSION

I. Appointment of Lead Plaintiff

   *A. The Notice and Filing Requirements under the PSLRA*

The PSLRA sets forth the procedures governing the appointment of Lead Plaintiff in "each action arising under the [Securities and Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). As an initial matter, the PSLRA requires the plaintiff in the initial action to cause a notice to be published in a national, business-oriented publication within 20 days of filing the complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). The notice must inform members of the purported class of (1) the details and pendency of the action; and (2) their right to seek appointment as Lead Plaintiff within 60 days after the date on which notice is published. *Id.* Within 90 days after the publication of such notice, a court shall consider any motion made by any class member, regardless of whether they are individually named as plaintiffs in any one action, and shall appoint the "most adequate plaintiff" as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(i).

Plaintiff Gesenhues filed the first complaint and caused a notice to be published in Business Wire on December 20, 2005. That notice set forth the pendency of the action, the claims asserted therein, the purported class action period and the right of any class member to seek appointment as Lead Plaintiff. Accordingly, the notice satisfied the requirements of the PSLRA and triggered the sixty-day period in which class members could move to be appointed as Lead Plaintiff.

3

Only the Tu Group filed such an application, and they did so within the sixty-day period. Accordingly, only the Tu Group has satisfied the procedural requirements of the PSLRA.

### B. *The Most Adequate Plaintiff*

In 1995, Congress enacted the PSLRA to address perceived abuses in securities fraud class actions created by lawyer-driven litigation. *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *3 (S.D.N.Y. July 20, 2004); *see* H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ("H.R. Conf. Rep. No. 104-369"). The PSLRA sought to ensure that "parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs counsel." *Ferrari*, 2004 WL 1637053, at *3 (internal citations and quotations omitted). As such, Congress sought to encourage institutional investors and other class members with large amounts at stake to step forward as the ideal Lead Plaintiffs in private securities litigation. *See* H.R. Conf. Rep. No. 104-369; *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 2006 WL 197036 at *2 (S.D.N.Y. Jan. 25, 2006).

The PSLRA thus provides that the most adequate plaintiff has (1) "the largest financial interest" in the relief sought by the class and (2) satisfies the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii). In light of the PSLRA's silence in prescribing a method for assessing a movant's financial interest, courts have examined several factors such as: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate

4

losses suffered." *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 2004 WL 1179311, at *7 (S.D.N.Y. May 27, 2004) (*quoting Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)); *The Constance Sczesny Trust v. KPMG LLP, et al.*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); *Ferrari*, 2004 WL 1637053, at *4.

Counsel has asserted that it believes the Tu Group to have the greatest financial interest in the outcome here, and has submitted documentation along with its moving papers in support of an estimated loss of $1,137,980.[2] (Exhibit D to the Corrected Declaration of Peter E. Seidman.) In the absence of applications from other shareholders, the Court concludes that the Tu Group's alleged loss best qualifies it to serve as Lead Plaintiff. *Bassin v. deCODE Genetics, Inc.*, 230 F.R.D. 313, 316 (S.D.N.Y. 2005).

However, the Tu Group must also satisfy the requirements articulated in Rule 23. Rule 23 sets forth four prerequisites—universally referred to as numerosity, commonality, typicality and adequacy—to be considered in evaluating the propriety of class certification, although only the typicality and adequacy criterions are relevant to the selection of Lead Plaintiff. *The Constance Sczesny Trust*, 223 F.R.D. at 323-24. The Tu Group's typicality is easily met here as its "claim arises from the same course of events" and "each class member makes similar legal arguments to prove the defendants' liability" even if there are minor variations in the factual allegations. *Id.* at 324 (internal citations and quotations omitted). The Tu Group, like the other purported class members in this action, has asserted that it purchased or otherwise acquired Northwest stock during the

---

[2] Tu and Chang, Wheeler, Imundo, Romanet and Musgrave incurred losses of $722,967, $228,726, $131,213, $32,249 and, $22,823, respectively. (Exhibit D to the Corrected Declaration of Peter E. Seidman.)

class period and was injured by false and misleading representations made by defendants in violation of the 1934 Act.

Similarly, the Court is convinced that the Tu Group "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In evaluating adequacy, courts have assessed factors such as: (1) the size, available resources and experience of the proposed Lead Plaintiff, *Pirelli Armstrong Tire Corp.*, 2004 WL 1179311 at *20 (citing cases); (2) the qualifications of the proposed class counsel, *The Constance Sczesny Trust*, 223 F.R.D. at 324 (citing *In re Deutsche Telekom Ag Sec. Litig.*, 229 F. Supp. 2d 277, 282 (S.D.N.Y. 2002)); and (3) any potential conflicts or antagonisms rising among purported class members. *In re Deutsche Telekom Ag Sec. Litig.*, 229 F. Supp. 2d at 282 (citations omitted).

The members of the Tu Group indicated in their certifications that they are willing to assume the responsibilities of Lead Plaintiff and class representation. (Exhibit B to the Corrected Declaration of Peter E. Seidman.) After reviewing the materials submitted by the Tu Group, the Court is convinced that it will adequately represent the class even though it is not an institutional investor. *See Pirelli Armstrong Tire Corp.*, 2004 WL 1179311, at *22 (remarking that some courts have interpreted the PSLRA to favor heavily institutional investors); *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 376 (E.D. Va. 2003) ("the purpose of the PSLRA's selection-of-lead-plaintiff provision was to get institutional investors involved in the prosecution of securities class action suits").

The Court is aware that disagreements may arise throughout this action, and as such, reserves the right to modify this single Lead Plaintiff structure in the event that

6

litigation is stalled, expenses become unnecessarily duplicative or wasteful, or the structure becomes otherwise unmanageable. In the meantime, the action shall proceed with the Tu Group as sole Lead Plaintiff.

II.  Appointment of Lead Counsel

The Tu Group has further moved to designate their selected law firm, Milberg Weiss, as Lead Counsel. The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. §78u-4(a)(3)(B)(v). The resumes submitted by the Tu Group indicate that Milberg Weiss has served as Lead Counsel in several securities fraud class actions, and is otherwise well-qualified and free of conflicts. Accordingly, the Court appoints Milberg Weiss as Lead Counsel.

## CONCLUSION

The Court grants the Tu Group's motion [10] for appointment as Lead Plaintiff, and designates Milberg Weiss as Lead Counsel. The parties are directed to appear for a conference in this matter in Courtroom 17B on May 18, 2006 at 10:30 a.m.

SO ORDERED.

Dated: New York, New York
May 3, 2006

Richard J. Holwell
United States District Judge

7